1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11

XUEXIA ZENG,

Case No. 1:26-cv-00463-JLT-SAB

12

Petitioner,

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

13

v.

14

CHRISTOPHER CHSTNUT, et al.,

(Doc. 1)

15

Respondents.

16

17          Xuexia Zeng is a federal immigration detainee with pending habeas petition pursuant to

18     28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge

19     pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote

20     judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons

21     set forth below, **GRANTS** the Petition.

22                    **I.       FACTUAL & PROCEDURAL BACKGROUND**

23          Petitioner is a citizen of China who sought asylum when she entered the United States in

24     or about August or September 2025. She was encountered by the Department of Homeland

25     Security soon after entering. (Doc. 1 at 2.) Petitioner was later released on her own recognizance

26     and subject to various reporting requirements. (*Id*.) After she arrived in the United States,

27     Petitioner came to live in San Carlos, California where she was a stay-at-home mom who

28     provided for her son, maintained a clean criminal record, and applied for asylum. (*Id*.) On or

1    about November 14, 2025, Petitioner was arrested by Immigration and Customs Enforcement and

2    is currently detained at the California City Detention Facility in California City, California. (*Id*.)

3            On January 26, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28

4    U.S.C. § 2241, asserting that her continued detention violates due process. (Doc. 1.) On February

5    120, 2026, Respondents filed a motion to dismiss the Petition on the grounds that Petitioner's

6    detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2).

7    (Doc. 10 at 1.) Respondents do not assert any other grounds for his detention, and it is not the

8    Court's role to manufacture arguments for the parties.

9                        **II.        LEGAL STANDARD**

10           The Constitution guarantees that the writ of habeas corpus is "available to every

11   individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

12   (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

13   power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

14   laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens

15   in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R.*

16   *P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

17                        **III.        DISCUSSION**

18           Petitioner claims that her ongoing detention without notice and a pre-deprivation hearing

19   before a neutral decisionmaker violated her rights under the Due Process Clause of the Fifth

20   Amendment. (Doc. 1 at 16.) To the extent that Respondents substantively address Petitioner's due

21   process argument, they deploy a blanket assertion that Petitioner is an "applicant for admission"

22   subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore

23   categorically ineligible for a bond hearing. (Doc. 10 at 1-2.) Courts nationwide, including this

24   one, have overwhelmingly rejected Respondents' new legal position and found the DHS policy

25   unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D.

26   Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal.

27   Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal.

28   Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D.

1    Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108

2    (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348

3    (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL

4    145889 (E.D. Cal. Jan. 20, 2026).

5    　　　　Respondents offer little to rebut Petitioner's due process claim and do not provide any

6    justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders,

7    the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due

8    Process Clause of the Fifth Amendment.

9    **IV.    CONCLUSION AND ORDER**

10    　　1.　　The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

11    　　2.　　Because the government has no evidence that Petitioner poses a risk of flight or

12    poses a danger to the community, Petitioner **SHALL** be released **IMMEDIATELY** from DHS

13    custody. DHS **SHALL NOT** impose any additional restrictions on him, such as electronic

14    monitoring, unless that is determined to be necessary at a later custody hearing.

15    　　3.　　Respondents are **PERMANENTLY ENJOINED AND RESTRAINED** from

16    rearresting or re-detaining Petitioner absent compliance with constitutional protections, which

17    include, at a minimum, pre-deprivation notice[1] of at least seven days before a pre-deprivation

18    hearing at which the government will bear the burden of demonstrating by clear and convincing

19    evidence that he is likely to flee or pose a danger to the community if not arrested

20    　　4.　　 Respondents are **DIRECTED** to file a status report within 7 days of this order

21    confirming that Petitioner has been released.

22    　　6.　　The Clerk of Court is directed to close this case and enter judgment for Petitioner.

23

24    IT IS SO ORDERED.

25    　Dated:　**February 23, 2026**

UNITED STATES DISTRICT JUDGE

26

27

---

28    [1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here, **SHALL** be provided within seven days of the arrest.